UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID CATLIN, <br><br> Petitioner, <br><br> vs. <br><br> ROBERT L. AYERS, Jr., Warden of San Quentin State Prison, <br><br> Respondent. | Case No. 1:07-cv-01466-OWW <br><br> <u>DEATH</u> <u>PENALTY</u> <u>CASE</u> <br><br> Order Setting Schedule for Filing Petition, Answer, and Joint Statement on Exhaustion |

On October 5, 2007, Petitioner Steven David Catlin ("Catlin") initiated federal habeas proceedings challenging his state conviction and death sentence. Counsel was appointed to represent Catlin on federal habeas November 2, 2007. Catlin's conviction and sentence were affirmed on direct appeal by the California Supreme Court July 16, 2001. *People v. Catlin*, 26 Cal. 4th 81 (2001). The United State Supreme Court denied certiorari review April 1, 2002. Catlin's state habeas petition was denied September 25, 2007.

A case management conference was held before Judge Oliver W. Wanger on February 24, 2008. Appearances were made telephonically by Lynne Coffin and Saor Stetler, counsel for Catlin, and Stephen Herndon,

counsel for Respondent Robert L. Ayers, Jr. ("the Warden").  The following schedule is established for this case:

1. Catlin's federal petition is due on or before September 25, 2008.
2. The Warden shall file an answer, on or before October 27, 2008, consistent with Rule 5 of the Rules Governing § 2254 Cases.  The Warden's answer should include all substantive and procedural affirmative defenses which he intends to pursue.  The answer should not be a general denial or assert blanket defenses, but should state with specificity the grounds for any defense.  As indicated in the Fresno Attorney Guide, p. 17, n.2, the Warden should include in the answer any assertion of procedural default, but it will not be considered at this juncture of the proceedings.
3. Counsel for Catlin and for the Warden shall meet and confer, and file a joint statement on the exhaustion status of the federal petition on or before November 28, 2008.  Should the parties be unable to agree about the exhaustion status of any claim(s) in the petition, Catlin shall file, concurrently with the joint statement, a supplemental declaration setting forth where in the state filings he contends the exhaustion requirement was satisfied.

IT IS SO ORDERED.

**Dated:    March 27, 2008**             /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE