UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID CATLIN,<br><br>            Petitioner,<br><br>   vs.<br><br>ROBERT WONG*, Acting Warden<br>of San Quentin State Prison,<br><br>            Respondent. | Case No. 1:07-CV-01466-OWW<br><br>DEATH PENALTY CASE<br><br>Order Regarding Exhaustion Status of Petitioner's Petition for Writ of Habeas Corpus and Ordering Briefing on Stay and Abeyance |

      Petitioner Steven David Catlin ("Catlin") filed his petition for writ of habeas corpus, under 28 U.S.C. § 2254, September 24, 2008. Respondent Robert Wong ("the Warden") filed an answer to the petition October 24, 2008. Counsel for Catlin and for the Warden filed a joint statement regarding the exhaustion status of Catlin's federal petition December 12. Concurrently, counsel for Catlin filed a declaration setting forth the parties respective arguments regarding the claims where the exhaustion status was disputed.

      Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners must exhaust all available state remedies before a federal court may

---
\* Robert Wong is substituted for his predecessor as Acting Warden of San Quentin State Prison, pursuant to Federal Rule of Civil Procedure 25(d).

grant them habeas relief. 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). To satisfy the exhaustion requirement of § 2254, habeas petitioners must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Fair presentation of a federal claim in state court requires reference to both the operative facts and federal legal theory, such as a specific provision of the federal constitution or citation to federal or state cases involving the legal standard for a federal constitutional violation. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (citing *Duncan v. Henry*; *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003)). However, general appeals to broad constitutional guarantees, such as due process, are not sufficient to present the substance of such a claim to the state court, *Gray v. Netherland*, 518 U.S. 152, 163 (1996), and an argument that is essentially one of state law does not alert a state court to the federal nature of a claim. *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996).

**Agreed Exhausted**

The parties agree the following claims are exhausted: Claims 1; 2; 4; 5; 6; 7; 9; 12 (regarding the Sixth - right to effective assistance of counsel, Fifth and Fourteenth Amendments - due process); 13; 15; 17 (to the extent it relies on the Sixth and Fourteenth Amendments - confrontation rights); 21; 23 (to the extent it relies on the Fifth and Fourteenth Amendments due process rights); 26Q; 27; 28; 29; 30; 31; 32 (as it relates to the cumulative effect of the guilt phase claims raised in the state Appellant's Opening Brief); 34; 35A, 35B, and 35C; 36; 37; 38 (to the extent it is based on the cumulative effect of the state's misconduct and counsel's ineffectiveness); 39 (to the extent it is based on facts and claims alleged in the state petition at pages 390-392); 40; 41; 42; 43A (to the extent it relies on the Eighth

Amendment) and 43B (to the extent it relies on the Eighth and Fourteenth Amendments); 44; 47C (to the extent it relies on the Eighth and Fourteenth Amendments and to written jury findings of aggravated factors); 48 (to the extent it relies on the Eighth Amendment); 49 (to the extent it relies on the Fifth, Eighth and Fourteenth Amendments); 50; 67 (as it relates to the use of lethal injection); and 68 (to the extent it is based on the cumulative effect of errors alleged in the Appellant's Opening Brief at 254-256).

**Agreed Unexhausted**

The parties agree the following claims are unexhausted:  Claims 3; 12 (to the extent it relies on the Eighth Amendment); 17 (to the extent it is based on the Fifth and Fourteenth Amendment due process clause and the Eighth Amendment); 23 (to the extent it relies on the Eight Amendment); 26P; 32 (as it relates to the cumulative effect of all guilt phase claims other than those raised in the state Appellant's Opening Brief); 33; 35D and 35E; 38 (to the extent it is based on grounds not alleged in the state petition - juror misconduct and trial court errors); 39 (to the extent it is based on facts not asserted in state court); 43A and 43B (to the extent it is based on the Fifth and Sixth Amendments); 45; 46; 47A (agreed unexhausted to the extent it relies on the Fifth, Sixth and Fourteenth Amendments), 47B, 47C (to the extent it relies on International Law and relates to unanimous jury findings of aggravating factors); 48 (with regard to the Fifth and Fourteenth Amendments); 49 (with regard to the Sixth Amendment and to the extent it relies on *Apprendi*); 51; 52; 54; 55; 56; 58 subclaims on pages 533-544 - starting with "Multiple Counts of Special Circumstances and Aggravation Claims" and ending with "Failure to Inform the Jury that it Need Not be Unanimous as to Mitigating Circumstances," subclaim entitled "Failure to Require Unanimity as to Aggravating Circumstance," and subclaims on pages

546-553 - starting with "Burden of Proof and Persuasion Claims" and ending with "Cumulative Constitutional Error"; 59; 60; 61; 62; 63; 64; 65; 66; 67 (as it relates to lethal gas and International Law); 67(II); and 68 (to the extent it is based on unexhausted claims).

**Agreed Partially Exhausted and Partially Unexhausted**

The parties agree Claim 58, the subclaim entitled "Death Eligibility" (to the extent it relied on the Eighth Amendment) is exhausted, and agree that it is partially unexhausted (to the extent it relies on the Fifth, Sixth and Fourteenth Amendments).

**Agreed Partially Unexhausted**

The parties agree the following claims were unexhausted in part:

Claim 8 (to the extent it asserts violations of international law, Treaties, Norms, and Customs);

Claim 10 (to the extent it is based on the Eighth Amendment) ;

Claim 14 (to the extent it is predicated on the Fifth Amendment due process ground);

Claim 16 (to the extent it is based on the Eighth Amendment right to a reliable guilt and penalty phase verdict and judgment) ;

Claim 20 (to the extent it is predicated on non-due process grounds, like the Fifth - fair trial, Sixth - confront evidence, and Eighth Amendments - reliable conviction and sentence);

Claim 24B (with regard to the Eighth Amendment), 24C (with regard to the Sixth and Eighth Amendments), 24D (with regard to the Sixth Amendment), and 24F (with regard to the Sixth and Eighth Amendments);

Claim 26B (with regard to the Fifth Amendment), 26E (with regard to the Fifth Amendment), 26J (with regard to the Fifth and Eighth Amendments), 26K

(with regard to the Fifth and Eighth Amendments), and 26N (with regard to the Eighth Amendment); and

Claim 57 (to the extent it relies on the Eighth and Fourteenth Amendments).

**Disputed Exhaustion Status (in whole, or in part)**

The parties did not agree about the exhaustion status of the following claims:

Claim 11.  The parties agree this claim is unexhausted to the extent it relies on the Eighth Amendment, but disagree about the status of the remainder of the claim.  The Warden alleges it is unexhausted to the extent it relies on any federal right not asserted in state court, such as the Sixth Amendment (right to an impartial jury or to confront witnesses) and the Eighth Amendment (right to be free from cruel and unusual punishment).  Catlin asserts the Sixth Amendment legal grounds for this claim are exhausted in the state petition at page 16, where it cites *United States v. Wade*, 388 U.S. 218 (1967).  Catlin states *Wade* recognizes that the deprivation of the right to counsel necessarily includes the right to trial by an impartial jury and to confront witnesses, *id.* at 226-227, and contends the citation to *Wade* alerted the California Supreme Court to the federal legal grounds for this claim.

Catlin is correct; *Wade* states the right to counsel includes the guarantee that the accused need not stand alone against the State at any stage of the prosecution, and also guarantees the rights in the Sixth Amendment - to a speedy and public trial by an impartial jury, to be informed of the nature and cause of the accusation, and to confront witnesses against him and compel witnesses in his favor.  *Wade*, 388 U.S. at 226-227.  Citation to a federal case involving the legal standard for a federal constitutional violation is sufficient to satisfy the fair

presentation requirement.  Claim 11 is unexhausted to the extent it relies on the Eighth Amendment.

Claim 18.  The parties agree subclaims B through H and J are unexhausted to the extent they rely on the Sixth Amendment right to confront witnesses, but disagree about the status of the remainder of the claim.  The Warden alleges that subclaim I is unexhausted.  Catlin asserts subclaim I was exhausted in the Appellant's Opening Brief at 128-130.

Subclaim A is almost an identical copy of Section III, Argument K, part 2, presented in Catlin's Opening Brief on appeal, starting at page 113.  This claim was fairly presented to the state court, except to the extent that it relies on the Sixth Amendment right to confront witnesses, which was not argued to the state court.

Subclaim I is almost an identical copy of Section III, Argument K, part 10, presented in Catlin's Opening Brief on appeal, starting at page 128.  This claim was fairly presented to the state court, except to the extent that it relies on the Sixth Amendment right to confront witnesses, which was not argued to the state court.

All subclaims of Claim 18 are unexhausted to the extent they rely on the Sixth Amendment right to confront witnesses.  The remaining legal grounds are exhausted.

Claim 19.  The parties do not state their position on this claim, but it is almost an identical copy of Section III, Argument L, presented in Catlin's Opening Brief on appeal, starting at page 131.  Claim 19 was fairly presented to the state court and is exhausted.

Claim 22.  The parties do not agree on the exhaustion status of this claim. The Warden alleges that, as it relates to the letter from Bethesda Naval Hospital,

1 the claim is unexhausted to the extent it is based on the Fifth, Sixth, and Eighth
2 Amendments. Catlin asserts the claim is exhausted in the state petition at page
3 122, where each of these legal grounds were raised while also incorporating the
4 Appellant's Opening Brief ("AOB") Section III, Arguments I, O, and P, which
5 include the letter from Bethesda Naval Hospital (AOB at 173-174).

6       Catlin's Argument P, in Section III of his Opening Brief on appeal, contains
7 the main allegations in this claim, but only alleges a violation of due process.
8 Catlin's state habeas petition presents the same legal grounds as alleged in his
9 federal petition, and there incorporates by reference the relevant arguments,
10 including the allegation regarding the letter from Bethesda Naval Hospital, from
11 his direct appeal brief. The incorporation into his state habeas petition of the
12 allegations from Catlin's Opening Brief on direct appeal, which was still pending
13 when the state habeas petition was filed, was sufficient to fairly present this claim
14 to the state court. Claim 22 is exhausted.

15       <u>Claim 24.</u> The parties do not state their position on subclaims A and E.
16 Subclaim A is an identical copy of Section VIII, Argument A, presented in
17 Catlin's state habeas petition, starting at page 96. Subclaim E is almost an
18 identical copy of Section VIII, Argument E, presented in Catlin's state habeas
19 petition, starting at page 105. Subclaims A and E were fairly presented to the
20 state court. The following portions of subclaims are unexhausted: B (with regard
21 to the Eighth Amendment), C (with regard to the Sixth and Eighth
22 Amendments), D (with regard to the Sixth Amendment), and F (with regard to
23 the Sixth and Eighth Amendments). The remaining legal grounds are exhausted.

24       <u>Claim 25.</u> The parties agree this claim is unexhausted to the extent it relies
25 on the Eighth and Fourteenth Amendments, but do not agree regarding the
26 status of the remainder of the claim. The Warden alleges the claim is

OReExhstnCat                                          7

unexhausted to the extent it is predicated on grounds not presented in state court, such as the Fifth Amendment. Catlin asserts the Fifth Amendment legal ground supporting this claim is exhausted in the Appellant's Opening Brief at page 203.

With the exception of paragraphs 12 through 14[1], Claim 25 is almost an identical copy of Section V presented in Catlin's Opening Brief on appeal, starting at page 198. Paragraph 12 asserts the conflict of interest claim presented here deprived Catlin on his right to a fair trial, due process, the effective assistance of counsel, conflict-free representation, to confront witnesses, to a reliable trial and sentence, and to be free from cruel and unusual punishment. Except to the extent that Claim 25 relies on the Eighth and Fourteenth Amendments, the facts and remaining legal grounds were fairly presented to the state court.

<u>Claim 26.</u> The parties do not agree regarding the exhaustion status of most of this claim. The portions of this claim that the parties do agree on are as follows: subclaim Q is exhausted and subclaim P is unexhausted. The parties also agree that the following legal grounds are unexhausted: subclaims B and E (Fifth Amendment); subclaims J and K (Fifth and Eighth Amendments); and subclaim N (Eighth Amendment). The parties state they do not agree regarding the exhaustion status for the remainder of this claim. The parties do not present their positions regarding the exhaustion status of subclaims A, C, E (except regarding the Fifth Amendment), G, J and K (except regarding the Fifth and Eighth Amendments), O and R.

---

[1] Paragraphs 13 and 14 incorporate the allegations in the remainder of the petition and assert the alleged constitutional violation requires reversal without meeting the prejudice standard of *Brecht v. Abrahamson*, 507 U.S. 619, 638 n.9 (1993), but contends there is prejudice sufficient to satisfy *Brecht*.

Subclaim A is almost an identical copy of Claim XIIA, presented in Catlin's state petition at pages 183-196 (¶¶ 380- 409), except for paragraphs 30 and 31 (which incorporate the allegations in the remainder of the petition and assert the alleged constitutional violation requires reversal without meeting the prejudice standard of *Brecht v. Abrahamson*, 507 U.S. 619, 638 n.9 (1993), but contends there is prejudice sufficient to satisfy *Brecht*).  Subclaim A was fairly presented to the state and is exhausted.

The Warden alleges subclaim B is unexhausted regarding the Eighth and Fourteenth Amendments.  Catlin asserts that subclaim B is exhausted as to the Eighth and Fourteenth Amendments legal grounds in the state petition at page 200.  Catlin is correct; subclaim B is exhausted as to the Sixth, Eighth and Fourteenth Amendments.  The parties agree this claim is unexhausted regarding the Fifth Amendment.

The facts and legal grounds supporting subclaim C were presented in Catlin's state petition in Claim XII-E(1), at pages 220-226, except for paragraphs 14 and 15 (which incorporate the allegations in the remainder of the petition and assert the alleged constitutional violation requires reversal without meeting the prejudice standard of *Brecht v. Abrahamson*, 507 U.S. 619, 638 n.9 (1993), but contends there is prejudice sufficient to satisfy *Brecht*).  Subclaim C was fairly presented to the state and is exhausted.

The Warden alleges subclaim D is unexhausted regarding the Fifth, Eighth and Fourteenth Amendments.  Catlin asserts that subclaim D is exhausted as to the Fifth, Eighth and Fourteenth Amendments in the state petition at pages 201-202 which incorporates the Appellant's Opening Brief Section III, Arguments I, M, O and P, which raise these legal grounds.  Subclaim D is almost an identical copy of Claim XII-C, presented in Catlin's state petition at pages 201-207 (¶¶

422, 424-433), except for paragraphs 12 and 13 (which incorporate the allegations in the remainder of the petition and assert the alleged constitutional violation requires reversal without meeting the prejudice standard of *Brecht v. Abrahamson*, 507 U.S. 619, 638 n.9 (1993), but contends there is prejudice sufficient to satisfy *Brecht*).  Although Catlin's state petition only presents the legal ground of Ineffective Assistance of Counsel under the Sixth Amendment, the incorporation of the arguments from his Opening Brief on direct appeal (see ¶ 422), which asserts the legal grounds under the Fifth, Eighth and Fourteenth Amendments and relies on the same underlying facts, and which was still pending at the time the state habeas petition was filed, was sufficient to fairly present this claim to the state court.  Subclaim D is exhausted.

Subclaim E is almost an identical copy of Claim XII-D, presented in Catlin's state petition at pages 208-218 (¶¶ 434- 457), except for paragraphs 25 and 26 (which incorporate the allegations in the remainder of the petition and assert the alleged constitutional violation requires reversal without meeting the prejudice standard of *Brecht v. Abrahamson*, 507 U.S. 619, 638 n.9 (1993), but contends there is prejudice sufficient to satisfy *Brecht*).  The parties agree this claim is unexhausted regarding the Fifth Amendment.  The remainder of subclaim E was fairly presented to the state and is exhausted.

The Warden alleges subclaim F is unexhausted regarding the Eighth and Fourteenth Amendments.  Catlin asserts that subclaim F is exhausted as to the Eighth and Fourteenth Amendments in the Appellant's Opening Brief at page 205.  Subclaim F was presented to the state court as part of the ineffective assistance of counsel claim in Argument VI in Catlin's Opening Brief on direct appeal.  The introduction to that argument asserted that ineffective assistance of counsel claims in capital cases must also be measured against the heightened

reliability standards under the Eighth Amendment, and the Fifth and Fourteenth Amendments right to liberty. Subclaim F was fairly presented to the state and is exhausted.

Subclaim G is almost an identical copy of Claim XII-E(2), presented in Catlin's state petition at pages 227-229 (¶¶ 475- 478), except for paragraphs 5 and 6 (which incorporate the allegations in the remainder of the petition and assert the alleged constitutional violation requires reversal without meeting the prejudice standard of *Brecht v. Abrahamson*, 507 U.S. 619, 638 n.9 (1993), but contends there is prejudice sufficient to satisfy *Brecht*). Subclaim G was fairly presented to the state and is exhausted.

The Warden alleges subclaim H is unexhausted regarding the Fifth and Eighth Amendments. Catlin asserts that subclaim H is exhausted as to the Fifth and Eighth Amendments in the Appellant's Opening Brief at page 205. Subclaim H was presented to the state court as part of the ineffective assistance of counsel claim in Argument VI in Catlin's Opening Brief on direct appeal. The introduction to that argument asserted that ineffective assistance of counsel claims in capital cases must also be measured against the heightened reliability standards under the Eighth Amendment, and the Fifth and Fourteenth Amendments right to liberty. Subclaim H was fairly presented to the state and is exhausted.

The Warden alleges subclaim I is unexhausted regarding the Fifth and Eighth Amendments. Catlin asserts that subclaim I is exhausted as to the Fifth and Eighth Amendments in the state petition at page 244 ("violates petitioner's rights to due process of law and to a reliable determination of guilt," citing *Beck v. Alabama* (Fifth and Eighth Amendments) and *Johnson v. Mississippi* (Eighth Amendment). The claim in Catlin's state petition presents the identical factual

allegation and the same legal grounds as the claim presented here. The citations to *Beck* and *Johnson* are sufficient to exhaust the legal grounds under the Fifth and Eighth Amendments. Subclaim I was fairly presented to the state and is exhausted.

Subclaim J is almost an identical copy of Clm XII-E(6), presented in Catlin's state petition at pages 244-247 (¶¶ 504-511), except for paragraphs 7 and 8 (which incorporate the allegations in the remainder of the petition and assert the alleged constitutional violation requires reversal without meeting the prejudice standard of *Brecht v. Abrahamson*, 507 U.S. 619, 638 n.9 (1993), but contends there is prejudice sufficient to satisfy *Brecht*). The parties agree this claim is unexhausted regarding the Fifth and Eighth Amendments. The remainder of subclaim J was fairly presented to the state and is exhausted.

Subclaim K is an identical copy of Claim XII-E(7), presented in Catlin's state petition at pages 251-253 (¶¶ 518-523), except for paragraphs 7 and 8 (which incorporate the allegations in the remainder of the petition and assert the alleged constitutional violation requires reversal without meeting the prejudice standard of *Brecht v. Abrahamson*, 507 U.S. 619, 638 n.9 (1993), but contends there is prejudice sufficient to satisfy *Brecht*). The parties agree this claim is unexhausted regarding the Fifth and Eighth Amendments. The remainder of subclaim K was fairly presented to the state and is exhausted.

The Warden alleges subclaim L is unexhausted regarding the Fifth and Eighth Amendments. Catlin asserts that subclaim L is exhausted as to the Fifth and Eighth Amendments in the state petition at page 256 (citing *Beck v. Alabama* and *Johnson v. Mississippi*). The claim in Catlin's state petition presents the identical factual allegation and the same legal grounds as the claim presented here. The citations to *Beck* and *Johnson* are sufficient to exhaust the legal grounds

under the Fifth and Eighth Amendments.  Subclaim L was fairly presented to the state and is exhausted.

The Warden alleges subclaim M is unexhausted regarding the Fifth, Eighth and Fourteenth Amendments.  Catlin asserts that subclaim M is exhausted as to the Fifth, Eighth and Fourteenth Amendments in the state petition at page 258, which refers back to the Appellant's Opening Brief Section III, Arguments B-D.  Catlin's state claims presented the legal grounds asserting the denial of a fair trial, due process, equal protection, and ineffective assistance of counsel.  The state claims did not assert the alleged error resulted in an unreliable verdict or sentence, or violated his right to an independent sentence, so subclaim M is unexhausted to the extent it relies on those grounds.  The remaining legal grounds of subclaim M are exhausted.

The Warden alleges subclaim N is unexhausted regarding the Fourteenth Amendment.  Catlin asserts that subclaim N is exhausted as to the Fourteenth Amendment in the state petition at page 260.  The claim in Catlin's state petition presents the identical factual allegation and the same legal grounds as the claim presented here.  Subclaim N is exhausted regarding the Fifth, Sixth and Fourteenth Amendments.  The parties agree this claim is unexhausted regarding the Eighth Amendment.

Subclaim O is almost an identical copy of Claim XII-H, presented in Catlin's state petition at pages 264-272 (¶¶ 511-555 and 557-568), except for paragraphs 17 and 18 (which incorporate the allegations in the remainder of the petition and assert the alleged constitutional violation requires reversal without meeting the prejudice standard of *Brecht v. Abrahamson*, 507 U.S. 619, 638 n.9 (1993), but contends there is prejudice sufficient to satisfy *Brecht*).  Subclaim O was fairly presented to the state and is exhausted.

The parties agree subclaim P is unexhausted.

The parties agree subclaim Q is exhausted.

Subclaim R contains the same factual and legal bases as the cumulative error claim in Claim XII-I, presented in Catlin's state habeas petition at pages 272-273. Subclaim R is exhausted.

Claim 43. The parties do not agree regarding the status of this claim, except as noted above.[2] The Warden alleges that subclaim A is unexhausted to the extent that it is based on the Fourteenth Amendment. Catlin asserts this legal ground is exhausted in the Appellant's Opening Brief at page 241, with the citation to *McDowell v. Calderon*, 130 F.3d 833 (9th Cir. 1997) which relies on the Eighth and Fourteenth Amendments.

Catlin is correct; *McDowell* holds the Eighth and Fourteenth Amendments require the jury to consider evidence put forward by a defendant in mitigation of his culpable behavior. *Id.* at 837 (overruled in part on other grounds by *Weeks v. Angelone*, 528 U.S. 225). Citation to a federal case involving the legal standard for a federal constitutional violation is sufficient to satisfy the fair presentation requirement. The disputed portions of Claim 43 are exhausted.

Claim 47. The parties do not agree regarding the status of this claim, except as noted above.[3] The Warden alleges that subclaim A is unexhausted to the extent it relies on the Eighth Amendment because the claim has been fundamentally altered by focusing on how prosecutors argue the circumstances

---

[2] As stated above, the parties agree subclaims A and B of Claim 43 are unexhausted to the extent they are based on the Fifth and Sixth Amendments, and agree subclaim A is exhausted to the extent it relies on the Eighth Amendment and subclaim B is exhausted to the extent it relies on the Eighth and Fourteenth Amendments.

[3] As stated above, the parties agree Claim 47 is unexhausted as follows: subclaim A (to the extent it relies on the Fifth, Sixth and Fourteenth Amendments); subclaim B; and subclaim C (to the extent it relies on International Law and relates to unanimous jury findings of aggravating factors).

of the crime factor. Catlin asserts this legal claim has been supplemented with facts that do not render the legal claim unexhausted.

Catlin argued on direct appeal that California's death penalty statute was arbitrary in that it allowed a prosecutor to seek death against some offenders while similar offenders in different counties were not singled out for the ultimate penalty. Appellant's Opening Brief, Section VII, Argument E(8), at pages 253 - 254. Catlin's listing in his federal petition of specific examples of this alleged abitrariness does not make the claim presented here different from the claim presented in state court. The disputed portion of Claim 47 is exhausted.

Claim 53. The parties do not agree regarding the status of this claim. The Warden alleges it is unexhausted because the claim is so fundamentally altered from the way it was presented in state court as to constitute a new claim. Catlin asserts this legal claim has been supplemented with facts that do not render the legal claim unexhausted.

Catlin's argument of abitrariness in his federal petition including specific examples of differences in capital sentences between counties does not make the claim presented here different from the claim presented in state court. *See* Appellant's Opening Brief, Section VII, Argument E(8), at pages 253 - 254. The argument that California's death penalty scheme violates the Equal Protection Clause was not presented to the state court. Claim 53 is exhausted, except to the extent it relies on the legal ground of Equal Protection.

Claim 58. The parties do not agree regarding the status of this claim, except as noted above.[4] The Warden alleges the subclaim entitled "Prosecutorial

---

[4] The parties agree Claim 58 is unexhausted as follows: subclaims on pages 533-544, starting with "Multiple Counts of Special Circumstances and Aggravation Claims" and ending with "Failure to Inform the Jury that it Need Not be Unanimous as to Mitigating Circumstances;" subclaim entitled "Failure to Require Unanimity as to Aggravating Circumstance;" and subclaims on pages 546-553, starting with

Discretion" is unexhausted. Catlin asserts this legal claim has been supplemented with facts that do not render the legal claim unexhausted. *See* Appellant's Opening Brief at pages 253-254.

As noted in Claims 47 and 53 above, Catlin's inclusion in his federal petition of specific examples of differences in capital charging and sentences between counties does not make the claim presented here different from the claim presented in state court. *See* Appellant's Opening Brief, Section VII, Argument E(8), at pages 253 - 254. The argument that California's death penalty scheme violates the Equal Protection Clause was not presented to the state court. The subclaim of Claim 58 entitled "Prosecutorial Discretion Issues" is exhausted, except to the extent it relies on the legal ground of Equal Protection.

**Conclusion**

The following claims are unexhausted in whole, or in part as indicated:

Claim 3;

Claim 8 to the extent it asserts violations of international law, Treaties, Norms, and Customs;

Claim 10 to the extent it is based on the Eighth Amendment;

Claim 11 to the extent it relies on the Eighth Amendment;

Claim 12 to the extent it relies on the Eighth Amendment;

Claim 14 to the extent it is predicated on the Fifth Amendment due process ground;

Claim 16 to the extent it is based on the Eighth Amendment right to a reliable guilt and penalty phase verdict and judgment;

Claim 17 to the extent it is based on the Fifth and Fourteenth Amendment due

---

"Burden of Proof and Persuasion Claims" and ending with "Cumulative Constitutional Error." The parties agree the subclaim at pages 531- 533, entitled "Death Eligibility," is exhausted to the extent it relies on the Eighth Amendment.

process clause and the Eighth Amendment;

Claim 18, all subclaims to the extent they rely on the Sixth Amendment right to confront witnesses;

Claim 20 to the extent it is predicated on non-due process grounds, like the Fifth - fair trial, Sixth - confront evidence, and Eighth Amendments - reliable conviction and sentence;

Claim 23 to the extent it relies on the Eight Amendment;

Claim 24B with regard to the Eighth Amendment, 24C with regard to the Sixth and Eighth Amendments, 24D with regard to the Sixth Amendment, and 24F with regard to the Sixth and Eighth Amendments;

Claim 25 to the extent it relies on the Eighth and Fourteenth Amendments;

Claim 26B with regard to the Fifth Amendment, 26E with regard to the Fifth Amendment, 26J with regard to the Fifth and Eighth Amendments, 26K with regard to the Fifth and Eighth Amendments, 26 M to the extent it asserts an unreliable verdict or sentence or violation of the right to an independent sentence, 26N with regard to the Eighth Amendment, and 26P;

Claim 32 as it relates to the cumulative effect of all guilt phase claims other than those raised in the state Appellant's Opening Brief;

Claim 33;

Claim 35D and E;

Claim 38 to the extent it is based on grounds not alleged in the state petition - juror misconduct and trial court errors;

Claim 39 to the extent it is based on facts not asserted in state court;

Claim 43A and 43B to the extent it is based on the Fifth and Sixth Amendments;

Claim 45;

Claim 46;

Claim 47A to the extent it relies on the Fifth, Sixth and Fourteenth Amendments, 47B, and 47C to the extent it relies on International Law and relates to unanimous jury findings of aggravating factors;

Claim 48 with regard to the Fifth and Fourteenth Amendments;

Claim 49 with regard to the Sixth Amendment and to the extent it relies on *Apprendi*;

Claim 51;

Claim 52;

Claim 53 to the extent it relies on the legal ground of Equal Protection;

Claim 54;

Claim 55;

Claim 56;

Claim 57 to the extent it relies on the Eighth and Fourteenth Amendments;

Claim 58 subclaims on pages 533-544 - starting with "Multiple Counts of Special Circumstances and Aggravation Claims" and ending with "Failure to Inform the Jury that it Need Not be Unanimous as to Mitigating Circumstances," subclaim entitled "Failure to Require Unanimity as to Aggravating Circumstance," and subclaims on pages 546-553 - starting with "Burden of Proof and Persuasion Claims" and ending with "Cumulative Constitutional Error," subclaim entitled "Death Eligibility" to the extent it relies on the Fifth, Sixth and Fourteenth Amendments; and subclaim entitled "Prosecutorial Discretion Issues" to the extent it relies on the legal ground of Equal Protection.

Claim 59;

Claim 60;

Claim 61;

Claim 62;

Claim 63;

Claim 64;

Claim 65;

Claim 66;

Claim 67 as it relates to lethal gas and International Law;

Claim 67(II); and

Claim 68 to the extent it is based on unexhausted claims.

Catlin is required to make a showing of justification under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), for stay and abeyance of his federal proceedings in order to exhaust state remedies. Catlin's showing shall be filed on or before March 18, 2009. The Warden may file an opposition to stay and abeyance on or before April 17, 2009.

IT IS SO ORDERED.

**Dated:   February 17, 2009**           /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE