UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID CATLIN,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT WONG, Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:07-cv-01466-OWW-P<br><br><u>DEATH</u> <u>PENALTY</u> <u>CASE</u><br><br>Order Granting Petitioner's Motion To Hold Federal Proceedings in Abeyance During Pendency of State Exhaustion Petition |

Petitioner Steven David Catlin ("Catlin") filed his petition for writ of habeas corpus September 24, 2008. Respondent Robert Wong ("the Warden") filed an answer October 24, 2008. The parties filed a joint statement of the exhaustion status of the claims in Catlin's petition December 12, 2008, agreeing that 40 claims, of the 69 claims in the federal petition, were entirely or partially unexhausted. Counsel for Catlin filed a concurrent declaration setting forth the parties' respective arguments regarding the claims where the exhaustion status was disputed.

The Court issued an order February 19, 2009, finding another four claims entirely or partially unexhausted. Catlin filed a motion for stay and abeyance of his federal proceedings March 18, 2009, asserting he satisfies the justification required under *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

The Warden filed an opposition to the motion for stay and abeyance April 2, 2009.

Catlin asserts stay and abeyance of his federal proceedings are justified as he has been diligent, it will serve comity, preserve judicial resources, and will not prejudice the Warden. Catlin argues there is good cause to support granting stay and abeyance, as confusion about whether his state petition will be deemed timely is reasonable due to the vagueness and complexity of California's procedural bar rules, he was unable to earlier exhaust these claims because of ineffective representation on appeal, and these claims are potentially meritorious.

The Warden contends the stay and abeyance procedure is only available in "limited circumstances" under *Rhines*, where there is good cause for the failure to exhaust the claims in state court, the claims are potentially meritorious, and there is no indication of intentially dialtory litigation tactics. The Warden observes Catlin has not yet filed his exhaustion petition in state court, so it is uncertain what precise claims he wants to file and when he intends to file them. The Warden does not dispute that Catlin's currently unexhausted federal claims may be potentially meritorious, and agrees there is no evidence to suggest Catlin has intentionally engaged in dilatory litigation tactics, but submits Catlin has not shown good cause for failing to earlier exhaust these claims.

**Standards for Stay and Abeyance**

When a court is presented with a mixed petition, it may not grant relief on any of the unexhausted claims. 28 U.S.C. § 2254(b)(1).[1] Under

---

[1] Subsection (b)(2) of § 2254, however, permits a district court to deny an unexhausted claim on the merits.

*Rhines*, abeyance may be ordered if there is good cause for the petitioner's failure to first exhaust his claims in state court, if the claims are not plainly meritless, and if the mixed petition is not stayed indefinitely. 544 U.S. at 277-78. While the Court in *Rhines* did not define good cause, *Pace v. Diguglielmo*, 544 U.S. 408 (2005), provides guidance by suggesting that good cause is satisfied by the existence of "reasonable confusion about whether a state filing would be timely." *Id.* at 416.

**Timeliness Issues**

Under the Timeliness Standards adopted by the California Supreme Court for filing habeas corpus petitions, a petition filed within 180 days after the final due date for the reply brief on direct appeal is considered presumptively timely. The language used by the Supreme Court is that it would be "presumed to be filed without substantial delay." Supreme Court Policies, Policy 3, Standard 1-1.1. A state habeas corpus petition filed more than 180 days after the final due date for an appellant's reply brief nonetheless "may establish absence of substantial delay if it alleges with specificity facts showing the petition was filed within a reasonable time after petitioner or counsel (a) knew, or should have known, the facts supporting a claim and (b) became aware, or should have become aware, of the legal basis for the claim." *Id.*, Standard 1-1.2. A petition filed after substantial delay may still be considered timely where the petitioner establishes "good cause for the delay" by a "showing of particular circumstances sufficient to justify substantial delay." *Id.*, Standard 1-2. A state petition that is not presumptively timely, or does not demonstrate the absence of subtantial delay, or does not show particular circumstances to justify substantial delay "*may* be denied as untimely." *Id.*, Standard 1-3

(emphasis added). The Policies further allow for tolling of the 180-day presumptively timely period when the court authorizes the appellant to file supplemental briefing. *Id.*, Standard 1-4.

**Analysis**

The Warden only contests Catlin's showing of good cause for stay and abeyance of the federal proceedings. The Warden argues Catlin's criticism of state appellate and habeas counsel is simply "Monday morning quarterbacking," that most of the substance of his federal claims were presented to the state, and the showing of good cause is largely based on federal counsels' ability to file a "better" habeas petition. The Warden contends endorsement of such a broad interpretation of good cause would allow for routine stays of mixed petitions, thus undermining the goals of the AEDPA, delaying the execution of sentences, and reducing the incentive to exhaust all claims in state court.[2]

There can be no serious dispute that the Timeliness Standards for capital habeas corpus petitions in the California Supreme Court lack definite time limits. Only the presumptively timely period of 180 days provides any quantitative, objective guidance. The other standards, establishing the absence of substantial delay and showing good cause for substantial delay are subjective. This has long been a concern of federal courts analyzing California timeliness standards. *See Morales v. Calderon*, 85 F.3d 1387, 1390-93 (9th Cir. 1996) (finding uncertainty and vagueness in the California timeliness standards in the context of determining adequacy

---

[2] If the Warden is concerned about delay, and believes the majority of the substance of the federal claims has been presented to the state court, he can elect to waive exhaustion and proceed to the merits of Catlin's federal petition.

of untimely procedural bars). The recitation in the Supreme Court Policies of three different kinds of situations establishing petition timeliness, plus the potential for equitable tolling, demonstrates reasonable confusion.

The Warden asserts California's procedural bars are not as vague as Catlin claims, citing *Evans v. Chavis*, 546 U.S. 189 (2006). However, this case does not assist the Warden. The issue there was whether Chavis was entitled to statutory tolling of the one-year statute of limitations imposed by the AEDPA for a federal petition that had been filed over four years after the AEDPA's effective date. *Id.*, at 200. The Ninth Circuit found Chavis' federal petition timely, holding his state collateral review proceedings were "pending" for three years and 130 days. The Supreme Court reversed, explaining the discrepancy between their holding and the Ninth Circuit's of the timeliness of Chavis' state-court review petition as due to "the *uncertain scope* of California's 'reasonable time' standard." *Id.*, at 198 (emphasis added). Although *Chavis* provides some clarification of what is a reasonable time to file a notice of appeal in the higher court after an adverse lower court decision, it does not clarify California's timeliness standards. *See In re Sanders*, 21 Cal. 4th 697, 703 (1999) (Brown, J., concurring and dissenting) (describing California's rules as "a Byzantine system of procedural hurdles, each riddled with exceptions and fact-intensive qualifications, which only undermine their intended purpose of integrity of judgments, finality, and comity.").

**Order**

The facts presented and reviewed demonstrate Catlin has met the three requirements for holding his federal petition in abeyance under *Rhines*: (1) good cause is established based on diligence in pursuing

exhaustion of state remedies and reasonable confusion about the California timeliness standards; (2) the Warden does not dispute that the unexhausted claims, set forth in this Court's February 19, 2009 order, may be potentially meritorious; and (3) the parties agree there is no evidence Catlin has intentionally engaged in dilatory litigation tactics.  Catlin shall file a state petition presenting his unexhausted claims within 60 days of the date of this order.  When the California Supreme Court renders a final decision on the exhaustion petition, Catlin is directed to immediately notify the Court of the result so further appropriate action can be taken and federal proceedings resumed if necessary.

The motion to hold federal proceedings in abeyance pending resolution of Catlin's state post-conviction petition is granted.  During the pendency of state post-conviction proceedings, Catlin will file quarterly status reports in this court beginning in July, 2009.

IT IS SO ORDERED.

**Dated:    April 14, 2009**               /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE