UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID CATLIN,<br><br>           Petitioner,<br><br>   vs.<br><br>KEVIN CHAPPELL, Warden<br>of San Quentin State Prison,<br><br>           Respondent. | Case No. 1:07-cv-01466-LJO<br><br>DEATH PENALTY CASE<br><br>Order Setting Merits Briefing<br>Schedule of Federal Petition |

On October 5, 2007, Petitioner Steven David Catlin ("Catlin") initiated federal habeas proceedings challenging his state conviction and death sentence. Catlin's conviction and sentence were affirmed on direct appeal by the California Supreme Court July 16, 2001. *People v. Catlin*, 26 Cal. 4th 81 (2001). The United States Supreme Court denied certiorari review April 1, 2002. Catlin's first state habeas petition was denied September 25, 2007.

Counsel was appointed to represent Catlin on November 2, 2007. Catlin filed his federal habeas petition September 24, 2008, and the Warden filed an answer October 24, 2008. The parties agreed that certain claims in Catlin's federal petition were unexhausted, and the Court determined that certain claims about which the exhaustion status was disputed were in fact unexhausted. *See* Doc. No.

31. Catlin's motion to hold the proceedings in abeyance during the pendency of his state exhaustion petition was granted April 15, 2009. Catlin filed his second state habeas petition with the California Supreme Court June 15, 2009. The Warden filed an informal response November 20, 2009, and Catlin filed a reply May 4, 2010.[1] The California Supreme Court summarily denied all claims in Catlin's second state habeas petition on the merits March 27, 2013, holding that certain claims were also procedurally barred.

The next stage of litigation for Catlin's federal petition (Phase III) involves briefing of the claims in the petition and preparing a motion for further factual development (i.e., discovery,[2] evidentiary hearing and record expansion). Briefing entails Catlin's preparation of a comprehensive memorandum of points and authorities in support of the claims alleged in the petition, the Warden's preparation of a comprehensive memorandum of points and authorities opposing the claims in the petition, including the development of any alleged affirmative defenses, and Catlin's preparation of a reply responding to arguments advanced by the Warden in the opposition brief.[3]

The parties are encouraged to discuss any discovery issues, since a significant number of discovery issues can be resolved informally. When preparing a request for an evidentiary hearing, Catlin's counsel should be mindful that the request shall not recite any legal authority on the merits of the claims, but be limited to identification of: (a) the claims for which a hearing is sought; (b) an offer of proof as to the evidence sought to be presented; and (c) the legal grounds

---

[1] During abeyance, the District Judge assigned to this case retired, and the case was reassigned to District Judge Lawrence J. O'Neill.

[2] Discovery conducted during this phase is designed to develop facts, and is distinguished from discovery conducted in anticipation of an evidentiary hearing.

[3] The Warden's procedural affirmative defenses will be considered in the course of evaluating the merits of Catlin's claims.

for the evidentiary hearing, including identifying the state court version of the federal claim denied by the California Supreme Court and the reason(s) Catlin did not present the evidence sought to be developed in state proceedings. *See Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. at 1398, 1401 (2011); 28 U.S.C. § 2254(e)(2).

In light of the fact that this case has been dormant for almost four years, the following schedule is established:

1. Catlin shall file a proposed budget for Phase III merits briefing and request for factual development within 60 days of the date of this order.
2. Catlin shall file his merits brief in support of the claims in his federal petition on or before October 7, 2013.
3. The Warden shall file a merits brief in opposition to the claims in the federal petition on or before February 3, 2014.
4. Catlin shall file his reply brief on or before May 5, 2014.
5. Catlin shall file any request for factual development on or before July 7, 2014.
6. The Warden shall file any opposition to the request for factual development on or before September 8, 2014.
7. Catlin shall file any reply to the Warden's opposition to the request for factual development on or before October 6, 2014.

IT IS SO ORDERED.

DATED:     April 5, 2013

      /s/ Lawrence J. O'Neill
United States District Judge

OReMeritsBrfgCat                                 3