UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID CATLIN<br><br>Petitioner,<br>v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>Respondent. | Case No.: 1:07-cv-01466 LJO<br><br>ORDER GRANTING APPLICATION FOR COUNSEL TO WITHDRAW; DIRECTING REFERRAL TO SELECTION BOARD FOR NEW COUNSEL; AND DEFERRING DUE DATE ON THE BRIEF IN SUPPORT OF PETITION |

This matter is before the Court on the February 14, 2014 and February 19, 2014 applications of Petitioner Steven David Catlin ("Catlin") to permit withdrawal of Lynne Coffin as co-counsel and for an extension of time within which to file his comprehensive brief in support of the federal petition, respectively. The withdrawal application is supported by the declaration of Ms. Coffin and the extension of time application is supported by a declaration over the signature of co-counsel Saor Stetler

**I.     Background**

The Court appointed Ms. Coffin and Mr. Stetler as co-lead counsel on November 2, 2007. Through counsel, Catlin filed his federal petition on September 24, 2008 and the Court ordered abeyance of federal proceedings on April 15, 2009 so Catlin could exhaust his state remedies in a subsequent state petition before the California Supreme Court.  On March 27, 2013, the California

1

OGrantApp4Atty2W-Draw&EOT4MeritsBrief-Cat

court denied Catlin's exhaustion petition on the merits as well as on many procedural grounds. In addition one claim was denied as premature and another was denied as non-cognizable. Federal proceedings were reinstituted on April 5, 2013, when the Court ordered a merits briefing schedule. After having received two extensions for the filing of his merits brief, it currently is due on February 20, 2014. The briefing ordered, however, did not include requests for further evidentiary development under the Rules 6, 7, and 8 Governing § 2254 Cases.

## II.     Withdrawal of Ms. Coffin

In her declaration, Ms. Coffin outlines significant unforeseen personal tragedies and obligations including a death in the family and serious illness of a separate family member. Both of these family members have resided out of state (but not in the same state). With respect to the family member who passed away, Ms. Coffin has been called upon to travel in order to supervise and arrange for appropriate medical, funeral, and estate distribution activities. As for the ill family member, Ms. Coffin anticipates further travel to arrange medical treatment that will be necessary as well as time-consuming. She avers that her law practice has been affected adversely. Ms. Coffin further offers that if the Court requires more detail than provided in her publicly filed declarations, she will provide that information under seal.

As a result of these circumstances, Ms. Coffin has determined that she must reduce her current caseload and representational obligations. The decision has been difficult and she reports she has not taken her professional obligations to Catlin or her other clients lightly. As the Court previously has been made aware, since federal proceedings were reinstituted, Ms. Coffin has been unable to devote the time necessary for the preparation of the merits brief. In the application for an extension of time, Mr. Stetler clarifies that Ms. Coffin has been *unable* to assist in the preparation of this merits brief. Ms. Coffin notes also, that Mr. Stetler has conducted all the client interviews with Catlin.

The Court accepts the reasons provided for Ms. Coffin's application to withdraw. In light of her inability to provide any assistance on the merits briefing or to interview Catlin, the Court does not intend to compensate Ms. Coffin for any services from the time federal proceedings were reinstituted.

With Ms. Coffin's withdrawal comes the necessity of appointing new counsel. Under 18 U.S.C. § 3599(a)(2) courts may appoint one or more attorneys to represent condemned indigent

2

OGrantApp4Atty2W-Draw&EOT4MeritsBrief-Cat

inmates proceeding under 28 U.S.C. § 2254. Rule 191(c) of the Local Rules of the United States District Court for the Eastern District of California provides that selection of appointed counsel for indigent capital habeas petitioners is made from a panel of attorneys qualified for appointment in death penalty cases and certified by the Selection Board and the Chief Judge of the Court. Based the complexity of California death penalty cases, and this case in particular, the Court refers the matter to the Selection Board to recommend second counsel in Catlin's case.

### III.     Extension of Time for Merits Brief

In light of Ms. Coffin's inability to assist with the preparation of the merits brief, plus Mr. Stetler's workload in other capital cases (one of which is active before this Court and another of which is on appeal from a decision of this Court), he is requesting a third extension of time from February 20, 2014 to May 21, 2014. Mr. Stetler previously has informed the Court that he was responsible for briefing approximately one-half of the claims in the petition and that Ms. Coffin was responsible for the other one-half. Further, as is the common practice among co-counsel who represent condemned inmates, Mr. Stetler and Ms. Coffin intended to read one another's briefs to make appropriate edits. Courts in the Ninth Circuit have been encouraged by funding allocations to authorize a "second set of eyes" in the preparation of major pleadings in capital cases.

The Court anticipates that once new counsel is appointed to replace Ms. Coffin, s/he will need to review the record, expeditiously, and assist Mr. Stetler with the merits brief. In addition to simply addressing the substantive merits of the petition, the Court also directs that the merits brief be combined, in a single pleading, with the request for further evidentiary development, that is discovery, record expansion, and an evidentiary hearing under Rules 6, 7, and 8, respectively . To accomplish this task, and to facilitate appropriate collaboration between Mr. Stetler and replacement counsel, the Court will defer setting a due date for the combined merits/ evidentiary development brief until the replacement counsel is appointed. The addition of new counsel to any case necessitates adjustment to previously established schedules and due dates. This case will be no different.

### IV.     Status Conference

Once replacement counsel is appointed, the Court will call for a telephonic case management conference at which all parties, including counsel Respondent, Kevin Chappell as Warden of

3

OGrantApp4Atty2W-Draw&EOT4MeritsBrief-Cat

California State Prison (the "Warden"), shall participate. At the conference, the parties will discuss a revised briefing schedule and other matters of concern for the management of the case. Counsel for the Warden will then be excused so counsel for Catlin and the Court can discuss budgetary matters. In advance of the case management conference, the Court will review Catlin's June 26, 2013 sealed budget proposal as well as the Court's June 27, 2013 sealed budget order to inform an amended Phase III budget. Catlin is advised that the Court will not permit an amended petition. Replacement counsel must start in the case where Ms. Coffin left off.

**V.     Order**

    Good cause appearing therefor:

        1.     The application of Attorney Lynne Coffin to withdraw as co-counsel of record is granted;

        2.     The Court will accept no voucher requests from Ms. Coffin;

        3.     This case is referred to the Selection Board for the Eastern District of California for the appointment of replacement counsel;

        4.     The Selection Board is requested to provide the Court with a status report of its progress in recommending replacement counsel in the event that more than one calendar month passes from the time this order is filed; and

        5.     Once replacement counsel is appointed, the Court will set a telephonic status conference which will include further instructions and directives.

IT IS SO ORDERED.

Dated: February 21, 2014

                                              /s/ Lawrence J. O'Neill
                                              Lawrence J. O'Neill
                                              United States District Judge

OGrantApp4Atty2W-Draw&EOT4MeritsBrief-Cat