# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID CATLIN,<br><br>        Petitioner,<br><br>  v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>        Respondent. | Case No.: 1:07-cv-01466 LJO SAB<br><br>ORDER APPOINTING NEW COUNSEL AND SETTING TELEPHONIC PHASE III CASE MANAGEMENT CONFERENCE<br><br>DATE:   April 28, 2014<br>TIME:   2:00 p.m.<br>COURTROOM 9 |

On February 21, 2014, the Court entered an order [ECF No. 62] permitting co-counsel for Petitioner Steven David Catlin ("Catlin") Lynne Coffin to withdraw from further representation in this case. In the same order, the Court referred the matter to the Selection Board for the Eastern District of California for a recommendation of new counsel to take Ms. Coffin's place. On March 21, 2014, the Selection Board transmitted a letter to the Court recommending the appointment of Richard G. Novak as co-lead-counsel to work with current CJA counsel, Saor Stetler. [ECF No. 64] The Court accepts the recommendation and hereby appoints Mr. Novak to the case. Messrs. Stetler and Novak currently are co-lead counsel in the *Dexter Williams* case, also pending in the Division, case number 1:12-cv-01344 LJO SAB.

In addition to appointing Mr. Novak to this case, the Court also sees the need to schedule a second Phase III Case Management Conference at which both parties will attend to discuss briefing schedules. Whereas the current budget order for Phase III (filed under seal on June 27, 2013, [ECF

1

1  No.. 55]), indicates that Phase III will conclude upon the completion of substantive briefing and
2  requests for further evidentiary development, in fact, Phase III extends until the Court issues an order
3  on whether an evidentiary hearing shall be conducted.  This determination includes a substantive
4  merits analysis of the claims in the petition under 28 U.S.C. § 2254(d).

5        Based on review of past orders, the Court is aware that the parties contemplate that the next
6  task in the case will be for Catlin to file a comprehensive memorandum of points and authorities in
7  support of the Petition, followed by a similarly comprehensive memorandum of points and authorities
8  in opposition to the Petition by Respondent Kevin Chappell, as Warden of San Quentin State Prison
9  (the "Warden").  After conducting a summary review of the Petition and Answer, the Court has
10 determined that the case management for this matter will be revised.

11       The Petition, filed on September 24, 2008 [ECF No. 25], is a 628-page document divided into
12 68 claims with numerous sub-claims that already reads like a memorandum of points and authorities.
13 The Answer, filed October 24, 2008 [ECF No. 26], provides a superficial overview of Catlin's state
14 claims, many of which the Warden alleged were unexhausted.  Over the Warden's objection, the Court
15 held the proceedings in abeyance on April 15, 2009 [ECF No. 34] to provide Catlin the opportunity to
16 exhaust his state remedies before the California Supreme Court.  There are a few claims in the Petition
17 which appear to have been ripe for merits review prior to Catlin's filing of his subsequent state
18 petition and abeyance of federal proceedings.

19       In light of the current status of the pleadings, the Court will not accept what essentially would
20 be a second comprehensive memorandum of points and authorities in support of the Petition.  Instead,
21 the Court has determined that the next brief to be filed will be a motion for further evidentiary
22 development.  In this brief, Catlin shall refrain from citing legal authority on the merits of the claims,
23 but limit his presentation to identification of: (1) the claims for which further evidentiary development
24 is sought; (2) an offer of proof as to the evidence sought to be presented; and (3) the legal grounds for
25 the evidentiary hearing, including identifying the state court version of the federal claim denied by the
26 California Supreme Court and the reason(s) he did not present the evidence sought to be developed in
27 state proceedings.  *See Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1398, 1401 (2011);
28 28 U.S.C. § 2254(e)(2).  In light of the fact that the Warden has not yet filed a substantive opposition,
   his response to this brief shall be a comprehensive memorandum of points and authorities in

2

opposition to the Petition, addressing the merits of Catlin's claims and arguing any affirmative defenses, plus responding to Catlin's request for further evidentiary development. Catlin will then file a reply. Discussion and scheduling for these briefs will be the purpose of the Case Management Conference.

Messrs. Stetler and Novak, on behalf of Catlin, shall be prepared to discuss a budget for the foregoing tasks, once the public portion of the conference is completed. The due date for Catlin's proposed budget, which will be filed under seal, will be determined during the confidential portion of the conference.

A Case Management Conference will be held on **Monday, April 28, 2014,** at 2:00 p.m. in Courtroom Number 9 before United States Magistrate Judge Stanley A. Boone.

Following the Case Management Conference, the Court will issue two orders. A public order will set forth the briefing schedule and any other case management issues. A sealed order will establish a revised budget for Phase III, in light of Mr. Novak's appointment.

Please notify the Courtroom Deputy Clerk, Mamie Hernandez, if one or more attorneys will be appearing telephonically, so that a notation can be placed on the court calendar. The Courtroom Deputy Clerk will provide counsel with the toll-free teleconference number of (877) 366-1280 and the **teleconference code** for the call.

IT IS SO ORDERED.

Dated:   **April 3, 2014**

UNITED STATES MAGISTRATE JUDGE