# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID CATLIN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEVIN CHAPPELL, as Warden of California State Prison at San Quentin,<br><br>　　　　Respondent. | Case No.  1:07-cv-01466 LJO-SAB<br><br>ORDER RESCHEDULING PHASE III CASE MANAGEMENT CONFERENCE AND TO FILE REVISED BUDGET FOR PHASE III UNDER SEAL<br><br>[ECF No. 65]<br><br>NEW DATE:  May 27, 2014<br>TIME: 10:00 a.m.<br>COURTROOM 9 |

Petitioner Steven David Catlin ("Petitioner") filed an application for a stay of execution on October 5, 2007.  On April 3, 2014, the Court set a Phase III Case Management Conference ("CMC") following the appointment of CJA Attorney Richard Novak to replace Lynne Coffin as co-lead counsel for Petitioner Steven David Catlin.  The CMC was scheduled for April 28, 2014 at 2:00 p.m.  In light of Petitioner's status report filed April 23, 2014, the Court is providing Petitioner's attorneys (Mr. Novak, and continuing CJA attorney Saor Stetler) additional time to coordinate their efforts and prepare a proposed, amended Phase III budget.

## I.　Petitioner's Status Report

In his status report Petitioner makes four main points.  First, he reports that portions of the state record are not yet available electronically, so it is impossible to determine how long it

ORePhaseIIIBudget-Dic

1

1  will take Mr. Novak to complete his review of the core record.  In regards to this point, Petitioner
2  notes that Mr. Novak, in collaboration with an experienced paralegal professional, is developing
3  a plan to make the electronic record to all members of Petitioner's litigation team.

4  Second, Petitioner requests that the petition, which is a 628-page document and reads like
5  a legal brief, requires more briefing due to the change in law since the petition was filed on
6  September 24, 2008.  He objects that the Court's has determined the legal authorities cited in the
7  petition are sufficient to resolve the claims and he argues the Court should not require
8  Respondent to respond to authorities cited in the petition that no longer are sound precedent.

9  Third, he notes it is impossible to predict how long it will take Mr. Novak to review the
10 non-core materials, and therefore, to determine how long it will take to file a motion for further
11 evidentiary development.

12 Finally, he notes that because of the volume of materials to review together with Mr.
13 Novak's significant other representational obligations, including in a death penalty case pending
14 before this Court, Petitioner needs at least 120 days to respond by filing a memorandum
15 incorporating a chart identifying the claims he contends require further briefing.

16 **II.    Discussion**

17 The Court rejects Petitioner's proposal to prepare a memorandum identifying which
18 claims in the petition require more briefing.  The Court is aware of intervening law, most notably
19 *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770 (2011) and *Cullen v. Pinholster*, 563 U.S.
20 ___, 131 S. Ct. 1388 (2011).  Similarly, the Court is confident Respondent also is aware of
21 current applicable law and will not spend time responding to case law cited in the petition that is
22 no longer sound precedent.  Next, the Court does not comprehend how if the number of pages in
23 the core and non-core record is known, Petitioner cannot calculate how much time Mr. Novak
24 will need to spend reviewing those records.  Whatever this number of pages may be, the Court
25 will take into account that the record already has been reviewed by Mr. Stetler and that the Court
26 authorized experienced paralegal assistance for Mr. Novak to assist him in the review process.
27 At present, Petitioner has explained that the paralegal professional, along with Mr. Novak, is
28 developing a plan to make the electronic record available to all members of Petitioner's litigation

ORePhaseIIIBudget-Dic

1  team.  At the budgeting phase of the Case Management Conference, Petitioner's attorneys will
2  be asked to provide further explanation about that discussion.  The remaining issues will be
3  discussed at the hearing, including a re-evaluation of whether counsel is suitable for the present
4  appointment in light of his schedule.

5      As noted, the present petition is 628 pages and reads like a brief.  As explained in the
6  Court's April 3, 2014 order [ECF No. 65], the next brief to be filed by Petitioner will be a motion
7  for further evidentiary development.  Petitioner should be prepared to discuss if and when this
8  motion will be filed.  This brief will be followed by Respondent's comprehensive memorandum
9  of points and authorities in opposition to the petition and the request for an evidentiary hearing.
10 Petitioner will then have the opportunity to file a comprehensive reply, supplementing his
11 argument with any recent relevant cases.

12      Based on the foregoing, the Court sets a hearing for May 27, 2014 at 4:00 p.m. to review
13 the Application for Revised Budget for Phase III.  Petitioner shall file under seal his Application,
14 prepared in accordance with the Fresno Attorney Guide, one (1) week prior to the hearing. The
15 Application shall be filed under seal and sent to ApprovedSealed@caed.uscourts.gov for filing.
16 This order will constitute the sealing order pursuant to L.R. 141 for that application and counsel
17 shall reference this order in the email along with the application for proposed budget.

18      The toll-free teleconference number is (877) 336-1280 and counsel are directed to contact
19 Courtroom Deputy Mamie Hernandez at (559) 499-5672 for the teleconference code.

IT IS SO ORDERED.

Dated:  **April 30, 2014**

UNITED STATES MAGISTRATE JUDGE

3

ORePhaseIIIBudget-Dic