UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID CATLIN,<br><br>        Petitioner,<br><br>    v.<br><br>KEVIN CHAPPEL, Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:07-cv-01466-LJO-SAB<br><br>**DEATH PENALTY CASE**<br><br>ORDER GRANTING IN PART RESPONDENT'S UNOPPOSED MOTION TO MODIFY BRIEFING SCHEDULE |

    Before the Court is a motion by respondent, through counsel Stephen Herndon, and filed February 24, 2016, to extend the deadline for filing his merits brief and opposition to petitioner's motion for evidentiary development from the current February 29, 2016 to August 1, 2016. (*See* Doc. Nos. 80, 85.)

    Mr. Herndon states the extension of time is necessary due to responsibilities in other matters and the voluminous nature of the petition and record. Mr. Herndon represents that he has

devoted significant time to this matter over the last 6 months, but has yet to draft a merits response to 30 of the 68 claims and opposition to petitioner's motion for evidentiary development.

Petitioner, through appointed CJA counsel Saor Stetler and Richard Novak, filed a statement of non-opposition to respondent's motion. (*See* Doc. No. 86.)

The court finds good cause to extend time to reasonably allow completion of respondent's merits brief and opposition to the evidentiary development motion, but not for the length of time requested. Respondent's counsel has had ample opportunity to become familiar with the claims and the record. The petition was filed and answered in 2008. The claims are no more numerous and the record is no more voluminous now than then.

Similarly, respondent's counsel has had ample notice of the need to accommodate this matter in his workload. The current deadline was set 11 months ago. Petitioner filed the motion for evidentiary development 8 months ago. The court expects its deadlines to be met absent truly unforeseeable and exigent circumstance.

Counsel for respondent is admonished regarding untimely advisement of matters germane to scheduling. Such matters should be noticed earlier rather than later so as to not delay the progression of the case. Last minute extension requests can detrimentally impact the court's calendar and case management. Earlier submissions of requests should be made when it is apparent that deadlines cannot be met and with a showing of good cause. Request for extension on the eve of a deadline where the justification for the extension is not newly created will be met with caution and may be denied in the future, whether in this case or a subsequent case in which all counsel are involved. However, since this is respondent's first request for extension of time and he has provided some justification and the request is unopposed, the Court will grant the request in part.

Accordingly, for good cause shown, it is HEREBY ORDERED that respondent's motion to modify the briefing schedule (*see* Doc. No. 85) is granted in part, such that respondent shall file his merits brief, and opposition to petitioner's motion for evidentiary development, by not later than **June 1, 2016**; petitioner's reply to respondent's merits brief, and opposition to motion,

shall be filed by not later than November 30, 2016.  The previously scheduling order (*see* Doc. No. 80) is modified consistent with the foregoing.  All counsel are directed to conform their schedules to meet the deadlines provided in this order.

IT IS SO ORDERED.

Dated:   **March 1, 2016**

UNITED STATES MAGISTRATE JUDGE